UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON FONTENOT** | **CIVIL ACTION** |
| | **NO: 11-1772** |
| **VERSUS** | |
| **MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF, ET AL.** | **SECTION: "A"(4)** |

## ORDER

On November 13, 2012, the undersigned issued an Order and Reasons granting an award of reasonable attorneys fees to Plaintiff, Brandon Fontenot, ("Fontenot") in connection with prevailing on the underlying merits of his claim. (R. Doc. 38). As a result, Plaintiff filed the subject **Motion to Set Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988**, in which he seeks an award of $22,493.75 in attorneys fees.

### I.   Background

On June 22, 2011, Fontenot filed a complaint alleging various civil rights violations including assault and battery perpetrated by Defendants, Deputy Jerome Hughes, et al., ("Defendants") while he was in the custody of the Orleans Parish Sheriff. After a non-jury trial which took place on May 7, 2012, the undersigned found the defendants liable and granted judgment on Fontenot's §1983 claim of excessive force. (R. Doc. 38). The court also found that Fontenot was entitled to an award of reasonable attorneys fees. *Id.*

In connection with the judgment and instructions of this Court, Fontenot submitted a Motion to set attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 (d). (R. Doc. 40). Fontenot seeks an award of attorneys in the amount of $22,493.75 which allegedly reflects a total of 89.55 hours expended by his attorneys, Stephen Haedicke, ("Haedicke") and Elizabeth Cumming, ("Cumming"). *Id.* Defendants oppose the fee request noting that eleven of Fontenot's thirteen total claims were dismissed. (R. Doc. 41). Specifically, Defendants point out that the plaintiff even voluntarily dismissed various federal and state claims against Sheriff Marlin Gusman but did not do so until the day of trial. Defendants conceded that Fontenot is entitled to some award of attorneys fees but contests the amount sought.

## II.     Analysis

### A.     Reasonableness of Billing Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

The plaintiff seeks to be compensated at a rate of $275 for Haedicke and $225 for Cumming. In support of his request, Haedicke submitted a Declaration indicating that he is a 2001 graduate of Northwestern University School of Law, where he was a member of the Order of the Coif. He has practiced for 11 years, including having worked for the Seventh Circuit Court of Appeals as a Staff Law Clerk. Additionally he formerly worked at the New Orleans office of Jones Walker for four years. He currently works as a solo practitioner focusing on criminal defense and civil rights cases. (R. Doc. 40-4).

Cumming also submitted a Declaration, in which she seeks to be compensated at a rate of $225.00 per hour. She is a graduate of Loyola School of Law and was admitted to the Louisiana bar in 2008. Cumming worked at the Capital Appeals Project (CAP) for three years as an attorney. She received upon graduation a fellowship from Equal Justice Works where she investigated and advocated for medical care on behalf of prisoners at Orleans Parish Prison. She now works as a solo practitioner focusing on civil rights, with emphasis on prisoner's right cases. She states that she has litigated numerous civil rights cases in the prison rights context, both on behalf of prisoners and institutions seeking access to prisoners. The total lodestar amount that she seeks is $9,596.25. (Declaration of Elizabeth Cumming, R. Doc. 40-5).

In considering the issue of whether the rate charged is reasonable, the court looks to case law regarding similarity of years of experience.  For example, in *Downey v. Strain*, No. 04-2593-SS, 2006 WL 1581234 (E.D. La. Jun. 5, 2006), an attorney with 24 years of experience was awarded only $225.00 per hour.  *Id.* at *5.

In contrast, in *Associated Builders & Contractors of La., Inc. v. New Orleans Parish Sch. Bd.*, 919 F.2d 374 (5th Cir.1990) the court found that an hourly rate of $175.00 for a partner was within the prevailing market rate in New Orleans.  *Id.* at 379; *see also Wells v. Regency Hosp. Co.*, 2008 WL 5273712, at *2-*4 (E.D. La. Dec. 15, 2008) (Roby, M.J.) (awarding hourly rates of $200.00 for attorney with 16 years of experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, No. 06–9307, 2008 WL 553178, at *3 (E.D. La. Feb.28, 2008) (Roby, M.J.) (awarding a $175.00 an hour to a lawyer who had practiced law for 5 years)

The Court notes that in support of the fee application Fontenot also submitted the Declarations of attorneys Gary Bizal, John Adcock and Kati Schwartzmann who all state that the rates charged by counsel are reasonable. (R. Docs. 40-8, 40-9, 40-10).  However, the Court finds that the market rate in Louisiana in prisoner civil rights cases as demonstrated by a review of other cases involving attorneys with similar years of experience is $180.00 per hour for Haedicke, and $150.00 per hour for Cumming.

**B.     Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker*, 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time

4

that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Plaintiff contends that his attorney expended 89.55 hours for a total fee of $22,493.75. The Court has reviewed the discrete billing entries of Stephen Haedicke and finds that they are reasonable. The Court further finds that upon review of the Cumming billing records they are also reasonable. The reasonable attorneys fee for Haedicke totals $9,162.00, and the reasonable attorneys fee for Cumming totals $6,397.50, for a total of $15,559.50.

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court

finds that an adjustment upward is not warranted.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff, Brandon Fontenot, ("Fontenot") be awarded $15,559.50 in reasonable attorneys fees.

**IT IS FURTHER ORDERED** that Deputy Jerome Hughes, et al., ("Defendants") shall satisfy their obligation to Fontenot no later than fourteen (14) days from the issuance of this Order.

New Orleans, Louisiana, this 15th day of April 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**